**SO ORDERED.**

**SIGNED this 13 day of July, 2017.**

_Stephani W. Humrickhouse_
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | |
| OLLIE WILLIAM FAISON | CASE NO. |
| DEBTOR | 14-00073-5-SWH |

### ORDER ALLOWING OBJECTION TO CLAIM

The matter before the court is the objection to claim filed by debtor O. William Faison with respect to SummitBridge National Investments III, LLC's proof of claim in the amount of $302,596.19. A hearing took place in Raleigh, North Carolina on March 1, 2017, at the conclusion of which the court took the matter under advisement. For the reasons that follow, the court will allow the objection.

### BACKGROUND AND PROCEDURAL POSTURE

The debtor, O. William Faison ("Faison"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 3, 2014. The debtor is a trial attorney and remains in possession of certain assets, including sizeable real property holdings in Orange, Wake, and Vance counties. SummitBridge held prepetition claims against the debtor in the total amount of

$1,627,239.82, secured by real property in Orange County. On November 10, 2016, SummitBridge filed a proof of claim ("Claim 16") in the amount of $302,596.19, seeking allowance of a non-priority unsecured claim for attorneys' fees equal to 15% of the outstanding indebtedness. Specifically:

> Pursuant to the terms of its promissory notes and N.C.G.S. § 6-21.2, SummitBridge is entitled to payment by the Debtor of attorneys[' fees] equal to fifteen percent (15%) of the outstanding balance of its debt(s). Fifteen percent (15%) of the outstanding indebtedness amount of $2,017,307.93 is $302,596.19. SummitBridge asserts a general unsecured claim against the Debtor/bankruptcy estate in such amount.
>
> To the extent that the Court determines that SummitBridge is not entitled to attorneys' fees in the amount of fifteen percent (15%) of its outstanding indebtedness, and that, instead, SummitBridge is only entitled to a general unsecured claim for its actual attorneys' fees and costs, SummitBridge asserts a general unsecured claim in the total amount of $101,020.16 [for attorneys' fees, costs and expert witness fees incurred subsequent to the filing of the bankruptcy case].

Addendum to Proof of Claim of SummitBridge, Claim 16-1 Part 2.

The debtor's Fifth Amended Chapter 11 plan ("the Plan") was confirmed on November 15, 2016, and became effective on December 1, 2016. SummitBridge does not dispute the debtor's accounting of the procedural posture of the matter, which is as follows:

> 5.   The Plan provided that Class 4 shall consist of the claims held by [SummitBridge] as set forth in (I) Claim No. 6, secured by Patterson Lots 16 & 17 and Walker Lots 1 & 2, (ii) Claim No. 5, secured by a first lien on Bellechene Lots 9 & 15, and the barn and acreage referred to as the "Barn Tract," and (iii) Claim No. 7, secured by a second lien on Bellechene Lots 9 & 15, and . . . the "Barn Tract." . . . As of the Petition Date, the loans which form the bases for the filed claims were not in default.
>
> 6.   The Plan treated the Class 4 claims as an Allowed Secured Claim in the aggregate amount of $1,715,000 inclusive of principal, prepetition interest, post-petition interest, appraisal fees, late fees, and attorneys' fees incurred, as determined under Section 506 of the Bankruptcy Code. The Plan provided that the Debtor shall convey the SummitBridge Collateral to the holder of the Class 4 Claim or its designee, subject only to (i) ad valorem taxes for the calendar year 2016 and for the

> calendar year 2017, if applicable, and (ii) the existing deed of trust securing such indebtedness, in full satisfaction of such claim pursuant to Section 1129(b)(2)(A)(iii); provided however, such treatment shall not impair the right of the holder of the Class 4 Claim from filing or requesting allowance of an unsecured claim for attorneys' fees and expenses in addition to the Class 4 Allowed Secured Claim, nor the right of the Debtor or any party in interest to object to or oppose allowance of such an unsecured claim.
>
> 7. On December 1, 2016, SummitBridge provided written notice to the Debtor, pursuant to N.C.G.S. § 6-21.2, that SummitBridge intended to enforce the provisions in the loan documents which provide for recovery of its attorneys' fees and costs, and that the Debtor may avoid any obligation to pay such fees and costs by paying the entire outstanding balance due within 5 days of the date of the letter. . . .
>
> 8. On December 1, 2016, the Debtor tendered to SummitBridge a deed, duly executed and acknowledged, sufficient to convey the SummitBridge Collateral to the designee of SummitBridge in satisfaction of the Class 4 Allowed Secured Claim. . . .

Debtor's Objection to Claim No. 16 Filed by SummitBridge (D.E. # 544) ("Debtor's Objection") at 2-3.  At the time the petition was filed, the debtor was not in default.

The debtor contends that to the extent SummitBridge may be entitled under North Carolina law to recover its post-petition attorneys' fees and legal expenses, the mandatory written notice component of that recovery was satisfied by the debtor's delivery to SummitBridge of the duly executed and acknowledged deed to the SummitBridge collateral.  Because delivery of the deed "constituted payment-in-kind in the full amount of the indebtedness," the debtor argues, SummitBridge cannot recover attorneys' fees or costs under state law.  Alternatively, the debtor maintains that if tender of the deed did not constitute payment of the outstanding indebtedness "so as to bar recovery of any attorneys' fees or costs," then SummitBridge still is not entitled to recover those fees under applicable federal law: "SummitBridge has already received what was permitted under Section 506(b) pursuant to the Plan, and the Bankruptcy Code does not provide for allowance of an unsecured claim for post-petition attorneys' fees or costs."  Debtor's Objection at 4.

3

Responding, SummitBridge points out that it "initially brought the attorneys' fee issue to the fore in an Amended Motion to Lift Stay filed on April 22, 2016." Reply by SummitBridge National Investments III, LLC To Objection (D.E. # 549) ("SummitBridge Reply") at 2. In the April 2016 motion to lift stay, which was heard in connection with the debtor's initial plan confirmation hearing, SummitBridge asked the court to lift or modify the stay to allow SummitBridge to serve the attorneys' fee notice required by N.C.G.S. § 6-21.2(5). By order entered on September 2, 2016, the court denied both confirmation and the motion to lift stay, without prejudice. (D.E. # 501) SummitBridge filed an additional motion for relief from stay on October 3, 2016. That motion was denied as moot in connection with the eventual confirmation of the debtor's Plan, which lifted the stay as a matter of law on the plan's effective date of December 1, 2016. This, SummitBridge argues, is relevant to the instant matter for the following reasons:

> [T]he Debtor takes the position that the deliver of the deed to SummitBridge constitutes "payment-in-kind" of the full amount of the SummitBridge indebtedness (within the statutory 5 day time period), and that SummitBridge is therefore not entitled to recover any attorneys' fees under applicable North Carolina law. Had the Court lifted the automatic stay back when SummitBridge originally requested such relief (in the spring of 2016), and at a time when the surrender of SummitBridge's collateral was not contemplated, then the debtor would not have been able to (arguably) "pay" SummitBridge's debt via the delivery of a deed. By denying such relief, at the time that SummitBridge requested the same, this Court has effectively prejudiced SummitBridge's right to collect attorneys' fees. There is no discernable reason why the automatic stay should not have been lifted to allow SummitBridge to issue the attorneys' fee notice back in the spring of 2016. In fact, as stated above, this Court provided no such reasoning in its September 2, 2016 Order. By denying SummitBridge such relief, this Court has effectively created the timing "loophole" that the Debtor now seeks to take advantage of – tendering the deed in supposed full satisfaction of SummitBridge's debt on the same date that SummitBridge issued the attorneys' fees notice to the debtor. . . .

4

SummitBridge Reply at 3-4. SummitBridge also contends that on these facts, the interaction between 11 U.S.C. §§ 506 and 502 is such that SummitBridge has an unsecured claim for attorneys' fees which is allowable under § 502(a).

At the hearing, it became evident that there are three main issues before the court, each of which presents a purely legal question: 1) whether the debtor's delivery of the deed satisfied North Carolina's statutory five-day notice period such that compliance relieves the estate of the obligation to pay attorneys' fees; 2) whether the Bankruptcy Code permits SummitBridge to pursue this unsecured claim for post-petition attorney fees; 3) and, if so, whether such fees would be allowed at the 15% rate or in a "reasonable" or actual amount. At the conclusion of the hearing, the court informed the parties that this matter probably would be decided on the second issue, which is whether the recovery of post-petition attorneys' fees sought here as an unsecured claim is permitted under 11 U.S.C. §§ 506(b) and 502(a) and (b). For the reasons that follow, the court concludes that it is not.

## DISCUSSION

Section 506(b) of the Bankruptcy Code provides to oversecured creditors like SummitBridge the right to seek reimbursement for "reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." Whether the attorneys' fees are recoverable under § 506(b) is based on an interpretation of applicable state law. 11 U.S.C. § 506(b); *see In re Ormond*, 2015 WL 1000218 at *4-6 (Bankr. E.D.N.C. Mar. 3, 2015); *In re Winslow*, 2011 WL 5902619 at *2 (Bankr. E.D.N.C. Jun. 22, 2011), *citing Independence Nat'l Bank v. Dye Master Realty, Inc. (In re Dye Master Realty, Inc.)*, 15 B.R. 932 (Bankr. W.D.N.C. 1981). Under North Carolina state law, reasonable attorneys' fees incurred in connection with the collection of a debt

may be recovered when the note provides for such recovery. North Carolina General Statute § 6-21.2 provides in part:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness is to be collected by or through an attorney at law after maturity, subject to the following provisions:
>
> (1) If such note, conditional sale contract or other evidence of indebtedness provides for attorneys' fees in some specific percentage of the "outstanding balance" as herein defined, such provision and obligation shall be valid and enforceable up to but not in excess of fifteen percent (15%) of said "outstanding balance" owing on said note, contract or other evidence of indebtedness.
>
> (2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

N.C. Gen. Stat. § 6-21.2.

The debtor and SummitBridge have differing interpretations of precisely which bankruptcy statutes apply here, as well as how federal bankruptcy law intersects with the North Carolina statute. Leaving aside for the moment the question of the extent to which the debtor's delivery of the deed could constitute payment within the meaning of N.C.G.S. § 6-21.2(5), the court turns first to the applicability of §§ 506 and 502. The debtor contends that SummitBridge already has "received what was permitted under Section 506(b) pursuant to the Plan, and the Bankruptcy Code does not provide for allowance of an unsecured claim for post-petition attorneys' fees or costs." Debtor's Objection at 4. SummitBridge argues that the Bankruptcy Code says "nothing whatsoever" about the allowance or disallowance of attorneys' fees on unsecured or undersecured claims, and that "the

conclusion that unsecured (and undersecured") creditors are entitled to allowed claims for post-petition attorneys' fees is inescapable." SummitBridge Reply at 13.

Citing precedent from within this district, the debtor argues that this court "previously has considered, and denied, a secured creditor's request for post-petition attorney's fees where there was no excess collateral value available under Section 506(b)." Debtor's Objection at 4, *citing In re Croatan Surf Club, LLC*, 2012 WL 1906386 (Bankr. E.D.N.C. May 25, 2012) *and In re Construction Supervision Servs.*, 2015 WL 4873062 (Bankr. E.D.N.C. Aug. 13, 2015), *aff'd*, 2016 WL 2764328 (E.D.N.C. 2016). In *Construction Supervision Services*, this court held that § 506 (b) is "the *only* means within the Bankruptcy Code in which a secured creditor is entitled to post-petition attorney's fees." 2015 WL 4873062 at *4. The post-petition interest and/or attorneys' fees cannot exceed the value of the collateral. "This section allows the holder of a secured claim to add post-petition interest and reasonable post-petition attorneys' fees to the secured claim to the extent of the value of the collateral." *Id., quoting Croatan*, 2012 WL 1906386 at *6.

For a creditor to "show entitlement to the requested post-petition amounts," the creditor must demonstrate that "(1) it is oversecured; (2) the underlying agreement provides for such fees and costs; and (3) the requested fees and costs are reasonable." *In re Parker*, 2015 WL 5095948 at *2 (Bankr. E.D.N.C. 2015), *citing In re Gwyn*, 150 B.R. 150, 154 (Bankr. M.D.N.C. 1993). More recently, in *In re Davis*, Judge Warren of this district noted that § 506(b) is "the only section of the Code that expressly authorizes a creditor to be reimbursed for post-petition attorneys' fees as part of its secured claim." *In re Davis*, 2017 WL 1628874 *3 (Bankr. E.D.N.C. 2017) (citing *Construction Supervision*). Moreover, § 506(b) "'is an exception to the general rule contained within § 502 that claims are determined as of the date of the petition and 'permits a party to bring

7

a claim for fees, costs, or charges incurred postpetition, *provided that the party bringing the claim is an oversecured creditor.*'" *Id*., quoting *Ins. Co. of N. Am. v. Sullivan*, 333 B.R. 55, 61 (D. Md. 2005) (emphasis in original).

The debtor urges the court to focus on the "plain language of Sections 502(b), 506(a) and 506(b) which, taken together, lead to the conclusion that post-petition interest, fees, costs and charges become part of an allowed claim *only* as a result of being allowed in favor of an oversecured creditor under Section 506(b)." Debtor's Objection at 5; *See Anderson v. Hancock*, 820 F.3d 670, 674 (4th Cir. 2016) (court must interpret the provisions of the Bankruptcy Code "as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions inconsistent, meaningless or superfluous"). Under the debtor's analysis, the step-by-step process applicable here requires the court to determine the amount of any "claim" as of the date the petition was filed under § 502(b), then use the amount of that allowed claim in § 506(a) "to determine (i) the amount which is secured and (ii) the amount which is unsecured, where the value of the collateral is less than the amount of the allowed claim." Debtor's Objection at 5. *Only* if the value of the collateral exceeds the amount of that allowed claim does § 506(b) permit an oversecured creditor to recover its post-petition fees and expenses and to receive the "special treatment" provided under the statute for claims secured by liens on property of the estate. *Id.*

These fees aren't "allowed" so much as they are "added" within the meaning of *United States v. Ron Pair Enterprises, Inc*., the debtor argues: "The natural reading of the phrase entitles the holder of an oversecured claim to post-petition interest and, in addition, gives one having a secured claim created pursuant to an agreement the right to reasonable fees, costs, and charges provided for in that agreement. . . . Therefore, in the absence of an agreement, post-petition interest is the only

8

*added* recovery available." *Id*. at 6, *quoting United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989) (emphasis in Debtor's Objection). In sum, the debtor concludes, post-petition fees are "added" by § 506(b) rather than "allowed" by § 502(b), and thus are not permitted in favor of undersecured or unsecured creditors. *Id.*

SummitBridge frames the question differently, arguing that § 506(b) does not apply, and that § 502 does. It reasons that

> [t]he topic of Section 506 of the Bankruptcy Code is the allowance of <u>secured claims</u>. Section 502, on the other hand, deals with the allowance and disallowance of claims generally. Section 506 is wholly silent as to what happens if a claim is not allowed as a secured claim. Section 502(b) disallows claims for postpetition interest, but says nothing about postpetition attorneys' fees. *By negative implication, unsecured claims for attorneys' fees are allowable under Section 502(a)*. "There is universal agreement that whereas section 506 furnishes a series of useful rules for determining whether and to what extent a claim is secured (and, therefore, entitled to priority), it does not answer the materially different question of whether the claim itself should be allowed or disallowed. . . . Rather, the general rules that govern the allowance or disallowance of claims are set out in section 502." *Gencarelli v. UPS Capital Bus. Credit*, 501 F.3d 1, 5 (1st Cir. 2007).

SummitBridge Reply at 9-10 (italics by the court). SummitBridge thus asserts an unsecured claim for postpetition attorneys' fees based on its contractual (*i.e.* pre-petition) entitlement to such a claim, notwithstanding the fact that the debtor was not in default at the time the petition was filed, and no such fees had been incurred.

SummitBridge, like the debtor, also cites supporting precedent from within this district, including *In re F & G Leonard, LLC*, 2011 WL 5909463 (Bankr. E.D.N.C. 2013). In that case, oversecured creditor Textron filed a claim for actual, reasonable, and necessary attorneys' fees and expenses under 11 U.S.C. § 506(b) and N.C.G.S. § 6-21.2, and the debtor objected to the amount of fees sought. In *F & G*, Judge Leonard wrote that § 506(b) "is not a disallowance statute," and "merely allows an oversecured creditor to include reasonable attorneys' fees as part of its secured

9

claim." 2011 WL 5909463 at *2. If the fees sought are "allowable under state law, but found to be unreasonable under § 506(b), the fees may be recovered as an unsecured claim." *Id., citing Welzel v. Advocate Realty Investments, LLC*, 275 F.3d 1308, 1318-19 (11th Cir. 2001).

And, in *In re Holden*, the court overruled a debtor's objection to the attorneys' fees sought by wholly *unsecured* creditor SSB on grounds that the purpose of § 502 is to allow or disallow claims, and no provision of § 502 expressly disallowed unsecured claims for attorneys' fees. *In re Holden*, 991 B.R. 728, 739 (Bankr. E.D.N.C. 2013). The *Holden* court noted, however, that cases like *Croatan* and *F&G Leonard* were "not analogous to the present facts *as they involve secured claims, which automatically necessitate an analysis pursuant to § 506(b)*, whereas SSB's claims are wholly unsecured and do not trigger the implications of § 506(b)." *In re Holden*, 991 B.R. 728, 738 (Bankr. E.D.N.C. 2013) (emphasis by the court).

SummitBridge asks the court to adopt the expansive interpretation set out in *Holden* and to take it another big step further, arguing that the distinction cited above

> is a distinction without a difference. Yes, partially secured claims do require an analysis under Section 506(a) and (b). But once the value of the collateral is devoured (by principal, interest and fees), the balance of the claim is a generic Section 502(a) general unsecured claim. Section 502(a) governs the allowance of wholly unsecured claims as well as the unsecured component of partially secured claims. The fact that Sections 506(a) and (b) are employed to assess what portion of a claim is secured has no bearing on the remaining unsecured portion. Under the statutory scheme envisioned by Judge Doub, wholly unsecured creditors would be permitted to reap the full benefit of their contractual bargains through the medium of Section 502, while undersecured creditors would be uniquely singled out for unfavorable treatment by the operation of Section 506(b). There is no conceivable explanation as to why Congress might have wanted undersecured creditors to be treated in so draconian a fashion. Creating that sort of uneven playing field would be antithetic to the general policy of the Bankruptcy Code, which tends to favor secured creditors in the first place. *Accord Gencarelli v. UPS Capital Business Credit*, 501 F.3d 1, 5 (1st Cir. 2007).

SummitBridge Reply at 12.

It is true that a number of courts adopt some version of the position advanced by SummitBridge, and hold generally that post-petition attorneys's fees are allowable as an unsecured claim, irrespective of whether the creditor is oversecured. *See In re 804 Congress, L.L.C.*, 756 F.3d 368 (5th Cir. 2014), *on remand*, 529 B.R. 213 (Bankr. W.D. Tx. 2015); *In re SNTL Corp.*, 571 F.3d 826, 842 (9th Cir. 2009); *In re Welzel*, 275 F.3d 1308 (11th Cir. 2001) (adopting a bifurcation framework for 506(b) whereby, after a reasonableness analysis, fees deemed reasonable constitute a secured claim and the balance is treated as an unsecured claim). Other jurisdictions adhere to the view held by this court, that § 506(b) provides "the *only* means within the Bankruptcy Code in which a secured creditor is entitled to post-petition attorneys' fees." *Construction Supervision Servs.*, 2014 WL 4873062 at *4, *citing United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc's, Ltd.*, 484 U.S. 365 (1988). "If attorneys' fees were allowable on the unsecured portion of a debt, there would be no need for [§ 506(b)]. If Congress had intended for the holders of both secured claims and unsecured claims to recover attorneys' fees, it could have easily said so. But it did not." *In re Saunders*, 130 B.R. 208, 210 (Bankr. W.D. Va. 1991), *quoted in In re Miller*, 344 B.R. 769 (Bankr. W.D. Va. 2006) (adopting same position that undersecured or unsecured creditors cannot be allowed an unsecured claim for post-petition contractual attorneys' fees); *see also, e.g., In re Electric Machinery Enterprises, Inc.*, 371 B.R. 549, 550-51 (Bankr. M.D. Fla. 2007) (summarizing competing views, citing cases, and setting out primary reasons why most courts conclude that "post-petition attorneys' fees should not be allowed as part of an unsecured claim").

The court acknowledges that there are conflicting views expressed by decisions within this district, and divergent views expressed by courts elsewhere. And, while the position taken herein is consistent with what appears to still be the majority consensus among courts to address the

11

question, this court acknowledges further that SummitBridge's interpretation is a viable one, given the recent circuit court opinions cited above. A thoughtful and thorough discussion of the current split is set out in *In re Auge*, wherein the court canvassed the main points advanced by both sides before concluding, like this court, that § 506(b) "allows only *oversecured* creditors to add 'reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.'" *In re Auge*, 559 B.R. 223, 229 (Bankr. D.N. Mex. 2016) (internal quotation omitted). The Fourth Circuit has not specifically addressed the question.

Ultimately, this court is not persuaded that it should deviate from its prior holdings on this issue, and concludes that SummitBridge's position fails to fully credit the plain language of § 506(b), which unquestionably applies to it. There is no viable reading of § 506(b) that could render that statute "inapplicable" here, nor is there a plausible basis upon which to consider it redundant, which is what SummitBridge's interpretation would do. SummitBridge hopes to take an alternative path[1] by pursuing an unsecured claim for post-petition attorneys' fees on the premise that these fees are independent of and separate from its secured claim, but that effort would run afoul of both the plain language of the statute and the policy behind it.

A key component of that policy is judicial review of the fees sought. Section 506(b) establishes a nondiscretionary process by which such fees, if otherwise appropriate, *shall* be allowed. In connection with that, § 506(b) incorporates the bankruptcy courts' oversight in determining the *reasonableness* of those fees.[2] In so doing, the statute goes beyond facilitating

---

[1] In essence, SummitBridge claims a "springing right" to attorneys' fees since there was no default (and thus no right to attorneys' fees) as of the petition date.

[2] A bankruptcy court "retains broad discretion in determining the amount of fees and expenses to be allowed under § 506(b)." *Parker*, 2015 WL 5095948 at *2; *see also In re 804 Congress*, 756 F.3d at 376 (noting that bankruptcy court "has the power to arrive at a reasonable

oversecured creditors' recovery of the post-petition fees to which they're entitled; it also protects the interests of the bankruptcy estate and unsecured creditors by precluding the recovery of fees that are outside the bounds of reasonableness and/or a percentage cap as stipulated by statute. Oversight of these competing interests is within the province of the bankruptcy courts, and application of § 506 in this manner balances of the rights of oversecured creditors to collect fees with the estate's need to protect assets for distribution to other creditors.

## CONCLUSION

For the reasons set forth above, the debtor's objection to SummitBridge's unsecured claim for post-petition attorneys' fees is **ALLOWED**. Having disposed of the issue on the basis of § 506, it is not necessary for the court to evaluate whether return of the collateral satisfies the state statutory notice requirements. SummitBridge may recover its post-petition attorneys' fees as provided for in the Plan and to the extent of the value of the collateral.

## END OF DOCUMENT

---

attorneys' fee even if the contractual attorneys' fee provision is valid under state law" (internal quotation omitted)). As this court explained in *Parker*, "[t]he reasonableness limitation found in § 506(b) serves to prevent the squandering of estate assets by oversecured creditors that 'fail to exercise restraint in the attorneys' fees and expenses they incur, perhaps exhibiting excessive caution, overzealous advocacy and hyperactive legal efforts," and a "key determinant" in a court's assessment is whether the creditor undertook actions that a similarly situated creditor might reasonably believe to be necessary. *Id.* at *4, *quoting Gwyn*, 150 B.R. at 155.