IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-384-BO

| | |
|---|---|
| SUMMITBRIDGE NATIONAL INVESTMENTS III, LLC, | )<br>)<br>) |
| Appellant, | )<br>) |
| v. | )    O R D E R<br>) |
| OLLIE WILLIAM FAISON, | )<br>)<br>) |
| Appellee. | ) |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This cause comes before the Court on SummitBridge National Investment's appeal of an order of the United States Bankruptcy Court for the Eastern District of North Carolina entered July 13, 2017. [DE 1-1]. The appeal has been fully briefed and is ripe for review. For the reasons that follow, the decision of the bankruptcy court is affirmed.

BACKGROUND

Ollie William Faison, the debtor and appellee in this matter, filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 3, 2014. Branch Banking & Trust Company (BB&T) filed a proof of claim for the total prepetition amount of $1,627,239.82 under three promissory notes cross-collateralized by two deeds of trust encumbering roughly 372 acres of farmland in Orange County, North Carolina. Each promissory note provided for reasonable attorneys' fees should the note be placed with an attorney for collection. Faison was not in default on the loans which formed the basis of BB&T's claims at the time the Chapter 11 petition was

filed. In January 2015, BB&T sold and assigned its interests in the subject promissory notes and deeds to appellant SummitBridge.

Faison's fifth amended plan of reorganization under Chapter 11 was confirmed by order of the bankruptcy court on November 16, 2015. The reorganization plan provided that Class 4 consisted of claims five, six, and seven held by SummitBridge and secured by the subject Orange County property. The reorganization plan treated the Class 4 claim as an allowed secured claim in the aggregate amount of $1,715,000.00, inclusive of principal, prepetition interest, and post-petition interest, appraisal fees, late fees, and attorneys' fees. [DE 8-3]. The plan provided that Faison would convey the SummitBridge collateral to the holder of the Class 4 claim or its designee, subject only to ad valorem taxes for the calendar years 2016 and 2017 and the existing deed of trust securing such indebtedness, in full satisfaction of the secured claim. The plan further provided that such treatment would not impair the right of the holder of the Class 4 claim to seek allowance of unsecured attorneys' fees and expenses in addition to the Class 4 allowed secured claim, nor the right of the debtor to oppose or object to the allowance of such an unsecured claim. *Id.*

Faison tendered to SummitBridge on December 1, 2016, a deed sufficient to convey the SummitBridge collateral to the designee of SummitBridge in satisfaction of the Class 4 allowed secured claim. SummitBridge then timely filed Claim 16 in the amount of $302,596.19 seeking allowance of a non-priority unsecured claim for post-petition attorneys' fees equal to 15% of the outstanding indebtedness. [DE 9-4]. Faison objected to SummitBridge's claim for post-petition attorneys' fees, and a hearing was conducted before the bankruptcy court on March 1, 2017.

In its order currently under review, the bankruptcy court concluded that 11 U.S.C. §§ 506(b) and 502(a) and (b) do not permit the recovery of post-petition attorneys' fees sought as

unsecured claims. In so holding, the bankruptcy court relied, *inter alia*, on its prior decisions which have held that consideration of a claim for post-petition attorneys' fees is governed by Section 506, which provides an exception to the general rule under Section 502 that claims must be determined on the petition date, and that Section 506 by its express terms applies only to oversecured creditors. *See In re Davis*, 570 B.R. 522, 526 (Bankr. E.D.N.C. 2017) (citing *In re Constr. Supervision Servs., Inc.*, Case No. 12-00569-8-SWH, 2015 WL 4873062, at *4 (Bankr. E.D.N.C. Aug. 13, 2015) and *Ins. Co. of N. Am. v. Sullivan*, 333 B.R. 55, 61 (D. Md. 2005)).

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Legal conclusions made by the bankruptcy court are reviewed *de novo*. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed *de novo*. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003). As this appeal involves a pure question of law, the Court reviews the bankruptcy court's conclusions *de novo*.

## DISCUSSION

Claims are defined by the Bankruptcy Code as the right to payment. 11 U.S.C. § 101(5)(a). Section 502 of the Bankruptcy Code, which addresses whether a claim may be allowed, sets out that a claim or interest, proof of which is properly filed, is deemed allowed unless the debtor or

other interest party objects. 11 U.S.C. § 502(a). If an objection is filed, the court must determine the amount of the claim as of the date of the filing of the bankruptcy petition, and shall allow the claim in that amount except where certain circumstances are present, including where the claim is unenforceable against the debtor or the claim is for unmatured interest or an unmatured debt. *Id.* § 502(b). Section 506 of the Bankruptcy Code addresses the determination of the secured status of a creditor whose claim has been allowed. *Id.* § 506. Section 506(b) provides that reasonable fees, costs, or charges provided for under an agreement or applicable state statute may be recovered where the value of the collateral exceeds the amount of the allowed claim, resulting in an oversecured creditor. *Id.* § 506(b). In other words, § 506(b) preserves the right of a secured creditor to recover post-petition interest, attorneys' fees, and costs to the extent the value of the collateral exceeds the amount of the claim determined under § 502. *See generally United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988); *Unsecured Creditors' Comm. 82-00261c-11A v. Walter E. Heller & Co. Se.*, 768 F.2d 580, 585 (4th Cir. 1985); *In re Record Enterprises, Ltd.*, 189 B.R. 769, 770 (D. Neb. 1986) (fees under § 506(b) interpreted to include attorneys' fees).

SummitBridge contends that its unsecured claim for post-petition attorneys' fees should be allowed under Section 502(b), which defines which claims are allowed and is wholly silent as to the allowance or disallowance of a claim for post-petition attorneys' fees. In support of its argument, SummitBridge relies heavily on an expansive reading of *Travelers Casualty and Surety Company of America v. Pacific Gas and Electric Company*, wherein the Supreme Court decided "whether the Bankruptcy Code disallows contract-based claims for attorney's fees based solely on the fact that the fees at issue were incurred litigating issues of bankruptcy law." 549 U.S. 443, 449 (2007). In concluding that the Bankruptcy Code does not disallow such claims, the Supreme Court

4

abrogated the *Fobian* rule, a rule adopted only in the Ninth Circuit which held that attorneys' fees for work on issues peculiar to federal bankruptcy law are not recoverable in bankruptcy. *Id.* at 451 (citing *In re Fobian*, 951 F.2d 1149, 1153) (9th Cir. 1991)). In holding that the *Fobian* rule was not supported by the Bankruptcy Code, the Supreme Court noted that "the Code says *nothing* about unsecured claims for contractual attorney's fees incurred while litigating issues of bankruptcy law," and that, in the absence of a clear and express exception, claims enforceable under applicable state law are presumed to be allowed in bankruptcy. *Id.* at 452-53 (emphasis in original). SummitBridge contends that application of *Travelers* in this context results in a conclusion that, because Section 502 is silent as to a claim for unsecured post-petition attorneys' fees, such a claim is presumed to be allowed.

The bankruptcy court in this case recognized that a "a number of courts adopt some version of the position advanced by SummitBridge, and hold generally that post-petition attorneys's fees are allowable as an unsecured claim, irrespective of whether the creditor is oversecured." [DE 1-1 at 11] (citing *In re 804 Congress, L.L.C.*, 756 F.3d 368 (5th Cir. 2014), *on remand*, 529 B.R. 213 (Bankr. W.D. Tx. 2015); *In re SNTL Corp.*, 571 F.3d 826, 842 (9th Cir. 2009); *In re Welzel*, 275 F.3d 1308 (11th Cir. 2001)); *see also Ogle v. Fid. & Deposit Co. of Maryland*, 586 F.3d 143, 148 (2d Cir. 2009) (§ 506(b) "does not implicate unsecured claims for post-petition attorneys' fees, and it therefore interposes no bar to recovery."). These courts generally have reasoned that claims for post-petition attorneys' fees are contingent, unliquidated claims which are not precluded by Section 502 and are thus allowable. *See, e.g., In re SNTL Corp.*, 571 F.3d at 840-45.

The bankruptcy court also recognized that a number of other courts

> adhere to the view held by this court, that § 506(b) provides "the *only* means within the Bankruptcy Code in which a secured creditor is entitled to post-petition attorneys' fees." *Construction Supervision Servs.*, 2014 WL 4873062 at *4, citing United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc's, Ltd., 484 U.S. 365

5

(1988). "If attorneys' fees were allowable on the unsecured portion of a debt, there would be no need for [§ 506(b)]. If Congress had intended for the holders of both secured claims and unsecured claims to recover attorneys' fees, it could have easily said so. But it did not." *In re Saunders*, 130 B.R. 208, 210 (Bankr. W.D. Va. 1991), *quoted in In re Miller*, 344 B.R. 769 (Bankr. W.D. Va. 2006) (adopting same position that undersecured or unsecured creditors cannot be allowed an unsecured claim for post-petition contractual attorneys' fees); *see also, e.g., In re Electric Machinery Enterprises, Inc.*, 371 B.R. 549, 550-51 (Bankr. M.D. Fla. 2007).

[DE 1-1 at 11].

Having considered the arguments of the parties and, in the absence of binding circuit precedent, the persuasive authority from within and outside this circuit, the Court concludes that the bankruptcy court did not err in declining to deviate from its prior holdings. The Court agrees with the bankruptcy court that the Bankruptcy Code does not permit SummitBridge, a secured creditor, to advance an unsecured claim for post-petition attorneys' fees on the premise that these fees are somehow independent of its secured claim, and thereby avoid the application of § 506(b).

As has been recognized, the Supreme Court in *Travelers* did not address the issue now before this Court; rather, the *Travelers* court declined to express an opinion as to whether, after the demise of the *Fobian* rule, there might be another basis for disallowing an unsecured claim for attorneys' fees. *Travelers*, 549 U.S. at 443. Consistent with *Travelers*, a provision of the Bankruptcy Code, including § 506(b), may provide the basis to render a claim unenforceable; Section 502(b) itself provides that a claim shall not be allowed if it is unenforceable against the debtor and the property of the debtor under an agreement or *applicable law*. 11 U.S.C. § 502(b)(1); *see also* Jennifer M. Taylor & Christopher J. Mertens, *Travelers and the Implications on the Allowability of Unsecured Creditors' Claims for Post-Petition Attorneys' Fees Against the Bankruptcy Estate*, 81 AM. BANKR. L.J. 123, 147 (2007).

The Bankruptcy Code expressly awards post-petition fees under several circumstances, none of which include an award of post-petition attorney's fees to an unsecured creditor. *In re*

6

*Seda France, Inc.*, No. 10-12948-CAG, 2011 WL 3022563, at *3 (Bankr. W.D. Tex. July 22, 2011) (listing circumstances and citing Taylor & Mertens, *supra*, 81 AM. BANKR. L.J. at 148-49). Thus, it is reasonable to conclude that, in the absence of any express exception, unsecured creditors are not entitled to post-petition attorneys' fees. *See Andrus v. Glover Const. Co.*, 446 U.S. 608, 616–17 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent."). Indeed, the Supreme Court has previously held that Section 506(b) has "the substantive effect of denying undersecured creditors postpetition interest on their claims-just as it denies *over* secured creditors postpetition interest to the extent that such interest, when added to the principal amount of the claim, will exceed the value of the collateral." *Timbers*, 484 U.S. at 372. To allow SummitBridge's unsecured claim for post-petition fees under § 502 arguably renders the language of § 506(b) superfluous, and this Court agrees with those that have found that the Code is most properly interpreted to allow only oversecured creditors to add post-petition attorneys' fees. *In re Augé*, 559 B.R. 223, 229 (Bankr. D.N.M. 2016).

Finally, the Court has considered the equities in allowing a secured creditor to file an unsecured claim to recover post-petition attorneys' fees, which would "reduce the pool of assets available" to other unsecured creditors seeking to recover their prepetition debt. *In re Glob. Indus. Techs., Inc.*, 327 B.R. at 240. The equities clearly weigh in favor of the protection of assets for distribution to all creditors. It is for all of these reasons that the Court affirms the judgment of the bankruptcy court.

## CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED.

SO ORDERED, this 22 day of November, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE